## Case No. 7,694.

KENDRICK v. EMMONS.

[Holmes, 234; 6 Fish. Pat. Cas. 462; 4 O. G. 398.] [1]

Circuit Court, D. Massachusetts. Aug. 1, 1873.

PATENTS—"WEAVERS' HARNESSES."

The device for gauging the size of the eye in the machine for making weaver's harnesses, described in the English patent to Ellis and Sladden, dated Jan. 15, 1864, No. 117, infringes the third and fourth claims of the patent originally granted Joseph S. Winsor Jan. 2, 1855, reissued Feb. 11, 1873, for an improvement in machines for making weaver's harnesses.

[Motion for provisional injunction. Suit brought [by John Kendrick against Thomas A. Emmons] upon reissued letters patent [No. 5,282] for "improvement in machines for making weavers' harnesses," granted February 11, 1873. The original patent [No. 12,175] was granted to Joseph S. Winsor, January 2, 1885, and extended seven years from the expiration of the original term.] [2]

B. F. Thurston and W. W. Swan, for complainant.

A. K. P. Joy, for defendant.

SHEPLEY, Circuit Judge. This is a motion for a preliminary injunction by the assignee of the reissued patent No. 5282, dated Feb. 11, 1873, for an improvement in ma-

chines for making weavers' harnesses, the invention of Joseph S. Winsor, of Providence. The defendant uses machines constructed substantially in accordance with the English patent granted to James Ellis and Joseph Sladden the twelfth day of July, 1864, dated the 15th of January, 1864, and numbered 117, for the year 1864. The original Winsor patent was dated Jan. 2, 1855; extended for seven years, and reissued, as above stated, in 1873.

Infringement is claimed of the third, fourth, and eighth claims of the reissued patent. The two machines are each marvels of mechanical ingenuity and invention. As a whole, the English machine is clearly not substantially the same as the Winsor machine in construction or mode of operation. The harness produced by the English machine is, as a whole, a substantially different manufacture from that produced by the Winsor machine. But in the Winsor machine there is a device called "fingers," which are located between the side bands to which the heddles are attached; the office of the fingers being to gauge the size of the eye or loop of the harness. These fingers are two pointed rods of metal, around each of which a half knot is tied, and the size of the eye or loop is determined by the distance by which the fingers are separated from each other. The bifurcated plate in the English patent, as well as the two rods substituted for it, and performing the same office as the bifurcated plate, accomplish in substantially the same manner and for substantially the same purpose what is accomplished by the fingers operating in the Winsor machine to gauge the size of the eye. As described in the English patent, this "fork then drops in betwixt the yarn on each side of the noose, and which sets and holds the noose to its proper size and position, until the yarn is again drawn out to the lappers." And in another place in the patent reference is made to "a noose which the fork takes hold of and retains it until another draw-out of the yarn is effected, and another noose is formed in like manner, and so on."

The two machines were operated in the presence of the court, and, from inspection of the respective machines in operation, the court is of opinion that the device in the English patent, which is described as a fork, bifurcated plate, or retainer, is an infringement of the third claim in the Winsor patent, which claims "the fingers located between the side bands and operating to gauge the size of the eye." As this device in the English machine is used in combination with mechanism which operates to tighten or draw up the twine, out of which the next heddle is formed, the fourth claim of the reissued patent is also infringed. Injunction to issue, unless defendant will give bond to account for such profits and damages as may be ascertained by final decree,

---

[1] [Reported by Jabez S. Holmes, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from Holmes, 234, and the statement is from 6 Fish. Pat. Cas. 462.]

[2] [From 6 Fish. Pat. Cas. 462.]

and render into court the usual account of manufacture and sales. Order accordingly.

[NOTE. An injunction and an account were subsequently decreed (Case No. 7,695), a reference being made to a master to make an assessment for damages. Exceptions to the master's report were subsequently dismissed, and the report confirmed. Case No. 7,696.

[For other cases involving this patent, see Kendrick v. Emmons, Cases Nos. 7,695 and 7,696.]